A. A. YATES AND ANOTHER V. A. B. COLLINS.

Where the bond for *certiorari* was in the sum of one hundred dollars, and there was a judgment against the principal and sureties for fifty dollars and the costs of suit, and it appeared from the bill of costs that they exceeded two hundred dollars, on error by the sureties, the judgment was reversed and rendered against the sureties for the debt and so much costs only as, in the aggregate did not exceed the amount of the bond.

Error from Rusk.  Tried below before the Hon. William W. Morris.

The defendant in error recovered judgment against Archibald

Dixon before a Justice of the Peace for $30. Dixon obtained a *certiorari*, giving bond with the plaintiffs in error as his sureties in the sum of $100. In the District Court, the defendant in error obtained a verdict for $50, on which judgment was rendered against Dixon and his sureties for the $50 and the costs of the suit. The sureties prosecuted this writ of error. It appeared from the bill of costs, that they exceeded two hundred dollars. Execution had also been issued for the full amount, and levied on property of the plaintiffs in error.

*M. Casey*, for defendant in error.

WHEELER, J. It is a clear principle, that the liability of a surety can not be extended beyond the actual terms of his engagement. This principle is applicable generally to all cases of suretyship, and embraces the case of the sureties in an appeal or *certiorari* bond. They are not parties to the suit, and so liable for costs ; but their liability arises upon their undertaking for their principal. To the extent of the obligation of their bond, therefore, they are liable, but not beyond it. Though costs may be said to follow the judgment as an incident, and consequence of the litigation, the party to the suit, or principal, is alone primarily liable for them. The liability of the sureties is secondary, arising upon their undertaking. To that extent they are liable, but no further. The judgment was rendered against the principal and sureties for the debt and all costs of suit. That would be right, if the debt and costs did not exceed the amount of the bond : but as they did, a greater sum was adjudged against the sureties than they were liable for upon their undertaking. This was error. The judgment should have been rendered against the sureties for the debt and so much costs only as, in the aggregate, would not exceed the amount of their bond. The judgment as to the sureties must be reversed, and such judgment here rendered as the Court below ought to have rendered.

Reversed and reformed.